IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE BOONE,** | **CIVIL NO. 1:CV-04-0588** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **PENNSYLVANIA OFFICE OF VOCATIONAL REHABILITATION,** *et al.*, | |
| **Defendants.** | |

## M E M O R A N D U M   A N D   O R D E R

Plaintiff has filed a Motion to Allow Comment on Defendants' Assertion of Advice of Counsel and Attorney-Client Privilege (Doc. 149). Although Plaintiff's counsel indicated in oral argument regarding the motion, on November 14, 2005, that they are more concerned with identifying the names of counsel who provided advice to Secretary Schmerin, than drawing an adverse inference from the provision of advice by counsel or assertion of the attorney-client privilege, the written argument appears to suggest otherwise.

Specifically, Plaintiff has asked to comment on the following:

1) Defendants' refusal to turn over a July 31, 2003 memorandum on the ground of attorney-client privilege; and

2) Secretary Schmerin's reliance on the advice of counsel to refuse to meet with Christine Boone after being urged to do so

In addition, Plaintiff has requested to be permitted to ask Secretary Schmerin to identify

1) The name of counsel who advised him not to meet with Christine Boone[1]; and

2) The name or names of counsel who advised him in drafting letters and public comments made by his office regarding the termination of Christine Boone.

Defendants indicated in oral argument that they have no objection to naming the counsel who provided this advice but that they do object to allowing Plaintiff to draw an adverse inference from the assertion of the attorney-client privilege. Further, Defendants sought to establish that the act of identifying the names of counsel who provided advice to Secretary Schmerin would not constitute a waiver of attorney-client privilege.

It appears that the only context in which drawing an adverse inference from the assertion of attorney-client privilege has been allowed is a very specific patent law context. However, the current state of the law indicates that even in that context it is no longer permissible to draw an adverse inference from the assertion of the attorney-client privilege. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corporation*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Allow Comment on Defendants' Assertion of Advice of Counsel and Attorney-client Privilege is **DENIED**;

---

[1] This request is moot because Plaintiff's counsel has already asked this question and Secretary Schmerin answered.

   2. Plaintiff's counsel may not draw an adverse inference from Defendants' assertion of the attorney-client privilege or statements that Defendants relied upon the advice of counsel;

   3. Although Plaintiff may ask Defendant Schmerin to identify the counsel who advised him in drafting letters and public comments made by his office regarding the termination of Christine Boone, Defendants' identification of counsel who provided such advice may not on its own be construed as a waiver of the attorney-client privilege; and

   4. Defendant Schmerin's identification of the counsel who advised him not to meet with Christine Boone regarding her termination may not on its own be construed as a waiver of the attorney-client privilege.

            s/Sylvia H. Rambo
            SYLVIA H. RAMBO
            United States District Judge

Dated: November 17, 2005.