IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE BOONE,** | **CIVIL NO. 1:CV-04-0588** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **PENNSYLVANIA OFFICE OF VOCATIONAL REHABILITATION,** *et al.*, | |
| **Defendants.** | |

## M E M O R A N D U M  A N D  O R D E R

On November 18, 2005, Plaintiff made two oral motions for reconsideration of prior court orders.  First, Plaintiff asks the court to reconsider its prior ruling of April 12, 2005 that various documents were protected by Defendants' attorney-client privilege (*See* Doc. 71) and to rule that Defendants have waived their attorney-client privilege by testifying on multiple occasions that they acted on the advice of their legal counsel.  Second, Plaintiff moves for reconsideration of the court's prior ruling in its summary judgment order of October 12, 2005 that Plaintiff may not raise a First Amendment retaliation claim.  (*See* Doc. at 19 n.10.)  The court heard oral argument regarding Plaintiff's motions for reconsideration on November 18, 2005, and the matter is ripe for disposition.  For the following reasons, the court will deny Plaintiff's motions.

**I.**         **<u>Attorney-Client Privilege</u>**

The court will deny Plaintiff's motion to reconsider its prior ruling on attorney-client privilege. In its April 12, 2005 ruling, the court found that the Defendants did not assert the defense of advice of counsel and consequently did not waive their attorney-client privilege. Plaintiff has offered no new arguments to support her position that Defendants have waived the privilege; Plaintiff continues to rely on Defendants' bare assertions that they at times relied upon advice of their legal counsel. However, Defendants have not asserted advice of counsel as a defense. Moreover, the court explicitly stated in its November 17, 2005 Memorandum and Order (Doc. 156) that Defendants' identification of counsel who provided legal advice could not, on its own, be construed as a waiver of the attorney-client privilege. Accordingly, the court finds that there is no reason to reconsider its prior rulings and Plaintiff's motion for reconsideration is denied.

**II.**         **<u>First Amendment Retaliation Claim</u>**

In its order of October 12, 2005, the court stated that Plaintiff failed to raise a First Amendment retaliation claim in her Second Amended Complaint and would not be permitted to do so for the first time at the summary judgment stage of the proceedings. However, Plaintiff's counsel again seeks leave to amend, arguing now that such amendment will conform Plaintiff's Second Amended Complaint to the proceedings. Federal Rule of Civil Procedure 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b).

At oral argument on November 18, 2005, Plaintiff's counsel indicated that "ample evidence" had been presented throughout the trial to permit amendment of the Second Amended Complaint to conform to the proceedings.  However, Plaintiff's counsel neither specifically identified, nor is the court aware of, any witnesses or testimony that would indicate the express or implied consent of the parties to try the issue of First Amendment retaliation.  Therefore, the court denies Plaintiff's motion to reconsider its prior ruling.

### IT IS HEREBY ORDERED THAT:

1. Plaintiff's oral motion to reconsider the court's prior ruling on the attorney-client privilege is **DENIED**.

2. Defendants have not waived the attorney-client privilege by asserting that they relied upon the advice of their legal counsel.

3. Plaintiff's oral motion to reconsider the court's prior ruling and to conform the Second Amended Complaint to the proceedings is **DENIED.**

4. Plaintiff may not amend the Second Amended Complaint in order to assert a First Amendment retaliation claim.

       /s/ Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated:  November   21, 2005.